IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJHIKEEM WOODS, | No. 2:15-CV-1474-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| KRAUSE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's: (1) motion for leave to amend (Doc. 8) and; (2) motion for the appointment of counsel (Doc. 5). Plaintiff's "Motion for Court Order to Release Property" (Doc. 7) will be addressed separately.

Plaintiff seeks leave to file an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. A review of the docket reflects that no responsive pleading has been served. Therefore, plaintiff's motion will be denied as unnecessary. Because no amended complaint was submitted with plaintiff's motion, the action will proceed on the original complaint unless plaintiff files an amended complaint within the time provided in this order.

1

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Specifically, plaintiff has demonstrated an ability to present articulate pleadings and motions to this court. In addition, given plaintiff's apparent intention to amend his complaint, the court cannot say at this stage in the proceedings that plaintiff has a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. 5) is denied;

2. Plaintiff's motion for leave to amend (Doc. 8) is denied as unnecessary; and

3. Plaintiff may file an amended complaint within 30 days of the date of this order.

DATED: March 10, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE