IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAJHIKEEM WOODS,

    Plaintiff,

  vs.

KRAUSE, et al.,

    Defendants.

No. 2:15-cv-1474-JAM-CMK-P

FINDINGS AND RECOMMENDATION

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a court order to release property (Doc. 7).

      In his motion, plaintiff is requesting the court to order prison officials at the Substance Abuse Treatment Facility to release his property. The court interprets this motion as a request for injunctive relief. This case involves plaintiff's claim that he was denied mental health treatment at High Desert State Prison by the mental health professionals at that institution. Plaintiff has since been transferred, and is now being housed at the California Health Care Facility.

      The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the

1  moving party must show that irreparable injury is likely in the absence of an injunction. See
2  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.
3  Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser
4  standard by focusing solely on the possibility of irreparable harm, such cases are "no longer
5  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
6  1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
7  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
8  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
9  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

10  However, plaintiff has requested injunctive relief against individuals who are not
11  named as defendants in this action.  This court is unable to issue an order against individuals who
12  are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc.,
13  395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

14  Based on the foregoing, the undersigned recommends that plaintiff's motion for
15  court order (Doc. 7) be denied.

16  These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court.  Responses to objections shall be filed within 14 days after service of
20  objections.  Failure to file objections within the specified time may waive the right to appeal.
21  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE