IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAJHIKEEM WOODS,

    Plaintiff,

  vs.

KRAUSE, et al.,

    Defendants.

No. 2:15-cv-1474-JAM-CMK-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 17).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against the mental health personnel at High Desert State Prison (HDSP).  He claims defendant Bowers was deliberately indifferent to his mental health needs as he falsely documented his condition in relation to 602 inmate grievances plaintiff filed, which were denied.  Similarly, he claims defendants Murray and Lewis violated his Fourteenth Amendment Due Process rights in denying his inmate grievance without further evaluation, effectively denying him adequate mental health treatment.  Defendants Krause and Mace then interviewed plaintiff, and refused to send plaintiff to the mental health crisis bed after he informed them that he was suicidal, denying his inmate grievance.  Plaintiff also told defendant Isaac of his suicidal thoughts, but defendant Isaac simply sent him back to his cell without intervention, and lied on the 602 inmate grievance disposition.  Finally, plaintiff claims that the California Department of Corrections and the State of California are aware of the situation, and have failed to supervise its subordinates.

In support of his claims, plaintiff has attached to the complaint his 602 inmate grievances and the defendants' responses thereto, as well as some medical records.  From these exhibits, it appears that all of the named defendants were involved in the review of plaintiff's inmate grievances.  What is not clear, is whether any of the defendants are actually plaintiff's treating clinicians, but it does not appear as if they were.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects. First and foremost, plaintiff's main claim relates to the 602 inmate grievance process. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Here, there is no indication that plaintiff's grievance process has been interfered with. Rather, he is unhappy with the result of the inmate grievances he filed, and the lack of attention and treatment obtained therefrom. To the extent he is claiming a due process violation in relation to the inmate grievances he has filed, he cannot state a claim. As several of the defendants named are only named for their role in the inmate grievance process, those claims and defendants must be dismissed without leave to amend.

1        Plaintiff's other claim is for violation of his Eighth Amendment rights relating to
2   the lack of mental health treatment he is receiving.  The treatment a prisoner receives in prison
3   and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth
4   Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509
5   U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .
6   embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."
7   Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh
8   and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison
9   officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and
10  personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official
11  violates the Eighth Amendment only when two requirements are met: (1) objectively, the
12  official's act or omission must be so serious such that it results in the denial of the minimal
13  civilized measure of life's necessities; and (2) subjectively, the prison official must have acted
14  unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.
15  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable
16  mind."  See id.

17       Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
18  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
19  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
20  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
21  sufficiently serious if the failure to treat a prisoner's condition could result in further significant
22  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
23  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
24  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
25  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
26  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

It is unclear to the undersigned who plaintiff is alleging actually denied him the mental health treatment he indicates he needs, as opposed to those simply reviewing another's decision. Plaintiff claims Bowers interviewed him during the 602 review, but it is unclear if Bowers is his treating clinician and has any control over his treatment. Defendants Murray and Lewis, as the second and third level inmate grievance reviewers, were simply reviewing what decisions had been made, and do not appear to actually be involved in the decisions as to plaintiff's treatment or lack thereof. Similarly, it appears defendants Krause, Mace and Isaac were all involved in the inmate grievance reviews, but it is unclear if they were also treating clinicians. Accordingly, it appears plaintiff may be able to state a claim for denial of necessary mental health treatment, but it is unclear who the responsible clinician is in denying him such

treatment.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Reviewing another person's decision or action is insufficient involvement to state a claim against a defendant. Rather, the named defendant has to be personally involved in the alleged constitutional violation. Plaintiff's amended complaint does not sufficiently link the named defendants with their personal involvement in the denial of his mental health care.

Finally, plaintiff names both the State of California and the California Department of Corrections as defendants to this action. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

As the Eleventh Amendment bars actions against both the State of California and the California Department of Corrections, both of these defendants must be dismissed from this action without leave to amend.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: August 26, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE